**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
Jessica Babaknia (SBN 365865)
3130 Wilshire Blvd, Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com
jbabaknia@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jennifer Huggins, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Markwins Beauty Products, Inc.,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Jennifer Huggins ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Markwins Beauty Products, Inc. ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## INTRODUCTION

1. This class action seeks to challenge Defendant's false and deceptive practices in the marketing of its Lip Smacker Lip products on Amazon.com (collectively, the "Products").[1]

2. As depicted and further outlined below, the Products are prominently advertised as being "Vegan" on their respective Amazon.com Product listings. The term "vegan" communicates to reasonable consumers that a product does not contain any animal derived ingredients or by-products.

3. Unbeknownst to consumers however, the Products contain animal derived ingredients and by products, including beeswax, a wax produced by honeybees, and acetylated lanolin alcohol, a by-product of sheep. As such, the advertising of the Products as "Vegan" is false and misleading.

4. Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on Defendant's advertising of the Products as vegan. Had Plaintiff and other consumers been aware that the Products are not vegan, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been financially injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class

---

[1] *See* Appendix A.

members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Classes.

6. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of goods and products (including the Products) in California and to California consumers.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and she purchased the Products in this District during the statute of limitations period.

**PLAINTIFF**

8. Plaintiff is a citizen of California and currently resides in Bermuda Dunes, California. In or around November 28, 2024, Plaintiff purchased the Lip Smacker Lippy Pals Unicorn Product from Amazon.com.[2] Based on Defendant's representation that the Product was "Vegan" in the Product listing, Plaintiff reasonably believed the Product contained no animal derived ingredients or by-products. Had she known that the Products contained animal derived ingredients or by-products, she would not have purchased the Product, or would have paid significantly less for it. As such, Plaintiff has been financially injured by Defendant's false and misleading advertising.

9. Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as advertised, if they were vegan. Although Plaintiff regularly shops at retailers that carry the Products, absent an injunction of Defendant's deceptive advertising, she will be unable to rely with confidence on Defendant's advertising of

[2] https://www.amazon.com/dp/B077XC7K7V?lv=shuf&channelId=500&plpRedirect=mhFallback&th=1

the Products in the future. Furthermore, while Plaintiff currently believes the Products' advertising is inaccurate, she lacks personal knowledge as to Defendant's specific business practices, and thus, she will not be able determine whether the Products are truly vegan. This leaves doubt in her mind as to the possibility that at some point in the future the Products could be made in accordance with the representations on the Products' advertising. This uncertainty, coupled with her desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that the Products do not contain animal derived ingredients or by-products. Thus, injunctive relief is warranted.

## DEFENDANT

10. Defendant is a California corporation with its principal place of business in City of Industry, California, which is located in Los Angeles County. Defendant is an independent cosmetics company in the United States and a global leader in health and beauty, including in the manufacture and sale of the Products challenged in this Complaint. California is the nerve center of Defendant's operations. Defendant's global headquarters is located in California, and its only manufacturing facility in the United States is likewise located in California. Defendant also conducts marketing[3] and brand communications[4] activities from its California offices. As such, the marketing at issue in this Complaint likely emanated from Defendant's presence in California.

## FACTUAL ALLEGATIONS

11. Defendant is responsible for the Lip Smacker brand.

---

[3] https://perma.cc/Y4BX-TVM6

[4] https://perma.cc/7MVS-EBJF

12. At issue in this Complaint are the Lip Smacker Lip products sold on Amazon.com (collectively, the "Products").[5]

13. Unfortunately for consumers, Defendant engages in false and misleading advertising for the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

14. Specifically, the Products' Amazon.com listings feature the unequivocal claim that the Products are "Vegan." *See examples below and on the following pages.*




---

[5] *See* Appendix A.


LiP SMACKER
LiP SMACKER
LiP SMACKER
Lip Smacker Lippy Pals, Set of 3 Flavored Moisturizing & Smoothing Soft Shine Lip Balm, Hydrating & Protecting Fun Tasty Flavors ,Cruelty-Free & Vegan Unicorn, Panda and kitten
Visit the Lip Smacker Store
4.7 (38,948) | Search this page
Amazon's Choice
10K+ bought in past month
$9.99 ($35.68 / oz)
Price history
prime Two-Day
FREE Returns
Coupon: Save 20%: Coupon available when you select Subscribe & Save . Terms
Savings $10 Amazon credit when you spend $40 Shop items ›
Save up to 29% with business pricing. Sign up for a free Amazon Business account
Color: Foxy Apple, Hoppy Carrot Cake, Straw


LiP SMACKER
Lip Smacker Lippy Pals Swirls, Sanrio Hello Kitty, Flavored Moisturizing & Smoothing Soft Shine Lip Balm, Hydrating & Protecting Fun Tasty Glossy Finish , Cruelty-Free & Vegan - Kiwi
Visit the Lip Smacker Store
4.7 (4,775) | Search this page
Amazon's Choice
4K+ bought in past month
$5.25 ($18.75 / fl oz)
Price history
prime Today
FREE Returns
Coupon: Save 20%: Coupon available when you select Subscribe & Save . Terms
Save up to 5% with business pricing. Sign up for a free Amazon Business account
Flavor Name: Sweet Kiwi Kitten
Cheerful Cherry, Kiwi
Hopping Caramel Corn
Kiwi
Paws-Itively Peachy
Straw-Ma-Llama Berry
Sweet Kiwi
Sweet Kiwi Kitten
Unicorn Frosting


LiP SMACKER
BEST FLAVOR FOREVER
COTTON CANDY
LiP SMACKER
MADE IN USA
net wt 0.14 oz / 4.0 g
Lip Smacker Flavored Lip Balm, Flavored Moisturizing, Smoothing Soft Shine, Hydrating & Protecting Fun Tasty Flavors, Cruelty-Free & Vegan - Cotton Candy
Visit the Lip Smacker Store
4.6 (4,847) | Search this page
8K+ bought in past month
$2.49 ($17.79 / oz)
Price history
FREE Returns
Savings $10 Amazon credit when you spend $40 Shop items ›
Save up to 24% with business pricing. Sign up for a free Amazon Business account
Color: Cotton Candy
$5.99 ($42.79 / oz) FREE Delivery Tomorrow
$2.49 ($17.79 / oz)
$5.99 ($42.79 / oz) FREE Delivery Saturday
$2.49 ($17.79 / oz) FREE Delivery Tomorrow
See 1 options with no featured offers
Top highlights
Brand Lip Smacker

15. Reasonable consumers expect that a product advertised as vegan does not contain any animal derived ingredients or animal by-products.

16. Unbeknownst to consumers, the Products contain animal derived ingredients and by-products, including beeswax and acetylated lanolin alcohol. As such, they are not "Vegan" in any sense.

17. Beeswax is an animal by-product "secreted by worker bees" through their wax glands and therefore is not vegan.[6]

18. Acetylated lanolin alcohol is "derived from the natural wool grease of sheep,"[7] and is produced by the oil glands of sheep.[8] It is commonly used in cosmetic products to enhance a product's application.[9] PETA's *Animal Derived Ingredient List* likewise identifies lanolin alcohols as an animal-derived ingredient extracted from sheep's wool.[10] Thus, Markwins' inclusion of acetylated lanolin alcohol in some of the Products is inconsistent with consumer expectations of a product marketed as "Vegan."

19. As such, the Products are falsely and deceptively labeled and advertised.

20. The perception that the Products are vegan and contain no animal derived ingredients and by-products is material to consumers' purchasing decisions. Indeed, beeswax and other animal derived cosmetic ingredients have become increasingly controversial among consumers, as reflected in the global vegan cosmetics market valued at $23.1 billion in 2025.[11] In a study involving more than 400 consumers, commissioned by the Fund for the Replacement of Animals in Medical Experiments, 71.1% of

---

[6] https://onlinelibrary.wiley.com/doi/full/10.1111/ics.13060

[7] https://www.upichem.com/chemical-supplier-8027-33-6/acetylated-lanolin-alcohol-distributor-273.aspx

[8] https://www.peta.org/living/food/animal-ingredients-list/

[9] *Id.*

[10] https://www.peta.org/living/food/animal-ingredients-list/

[11] https://www.marketresearch.com/VPA-Research-v4245/Vegan-Cosmetics-Size-Outlook-Product-43091439/

respondents were "very concerned" about the use of animal derived ingredients in cosmetics, with an additional 19% reporting that they were "quite concerned."[12] In other words, 90% of surveyed consumers expressed concern about animal derived, non-vegan cosmetic products, demonstrating a strong consumer preference for vegan cosmetics and the significant value consumers place a product's vegan status.[13]

21. The growing demand for vegan products has prompted industry and academic research to develop effective vegan alternatives to cosmetic ingredients, including efforts to replace beeswax in cosmetic lip product formulations with plant-based waxes.[14]

22. The expectation that the Products contain no animal derived ingredients and by-products is even more reasonable considering that similar vegan lip products from competitor brands contain no animal derived ingredients and by-products, unlike Defendant's Products. These products are advertised with nearly identical representations about being "Vegan." For example, EOS' "Plant Based Vegan Lip Salve" contains no animal derived ingredients or no animal by-products.[15] *See example on the following page.*

---

[12] https://www.v-label.com/consumer-insights/key-consumer-insights-on-vegan-cosmetics/

[13] *Id.*

[14] https://onlinelibrary.wiley.com/doi/full/10.1111/ics.13060

[15] https://www.amazon.com/eos-Plant-Based-Upcycled-Squalane-Cruelty-Free/dp/B0CQSFDKX8/ref=sr_1_9?crid=3QDREEOGJ3O3G&dib=eyJ2IjoiMSJ9.N2t2T07uVUnYaaUbMIFN-sMlXzddVzRFBbWcxarQwwlC7_3Yh3R4yHbBD6hUgr3u8dwL1BEi6CFo3EpTU93OXsCjzHrLYY8KyQVAoCFtcaseTPY-HJwP5GebiGUSKL5PSK9z1AP2UeDO9h8iWrMrnmz2UmTkzEufheRACiRDwuYAm46zOtbQ5VRKMQE-edbNeIu4c7t4qowqTlGDKuKBFhXItRb2CxsIkhiR9_Ai0-J4D3Yexm8HMQEB5uVDcRgWtdfYieuom8ht1YUVrFyA-E8Q2zCh6jIp-8pECle3ldo.Wf29_ZtNnvd6mZNS1lW8cU5zMP0srYy7nrjZ9wgcpWY&dib_tag=se&keywords=vegan%2Blip%2Bbalm&qid=1771614177&sprefix=vegan%2Blip%2Bbal%2Caps%2C207&sr=8-9&th=1


Cruelty Free
eos
evolution of smooth®
Plant Based
VEGAN LIP SALVE
STRAWBERRY SORBET
100% natural formula + upcycled olive squalane
this tin equals 3 stick LIP BALMS
made for sensitive skin
sustainable natural shea wild-grown
LIP TIN NET WT. 0.42 oz. (12g)


Cruelty Free
eos
evolution of smooth®
Plant Based
VEGAN LIP SALVE
VANILLA BEAN
100% natural formula + upcycled olive squalane
this tin equals 3 stick LIP BALMS
made for sensitive skin
sustainable natural shea wild-grown
LIP TIN NET WT. 0.42 oz. (12g)

23. Another example is the Summer Fridays Tinted Lip Butter Balm, which is advertised as vegan but contains no animal ingredients.[16] *See example below.*




24. As the entity responsible for the development, manufacturing, packaging, labeling, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products are falsely and deceptively advertised as vegan when they contain animal derived ingredients.

---

[16] https://www.amazon.com/Summer-Fridays-Lip-Butter-Balm/dp/B0C42HJRBF/ref=sr_1_1?crid=31IPDC4KDSQ02&dib=eyJ2IjoiMSJ9.jWKoGnuhE3CEUikXYVWNW4xcy8CJUs-jQU7h2JnQZMFOEKnqZxPsYaw23EknP1NKEF8BWuE-ZJGnghYWLWZHr1ymLRCQSIwZUYJAyfvjOFlaWr10xehLBfPO8ro65EavoedIwLc4Ahc46YqkbRgeWSZzyKqvgiN-PdF4Wi0uRna6YMIeo5yKPXD-ao2Tn1R2xd1seyI150QmsyAcRThdRJacnolxRJFNuQcHOsUnd8KpPb5YAHe63RVMP0UR17dHPfLeHNxx9R5LY-B8erWCqcBdLE0MIi71OpbWs5seEKY.nOe8ClZFl1FzVvzz45FAj68xm-fRU3LRaHk7BYEA9Ns&dib_tag=se&keywords=summer%2Bfridays%2Btinted%2Blip%2Bbutter%2Bbalm&qid=1771614918&sprefix=summer%2Bfridays%2Btinted%2Blip%2Bbutt%2Caps%2C212&sr=8-1&th=1

25. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and compete with other manufacturers who are vegan.

26. Consumers are willing to pay more for the Products based on the belief that the Products are vegan and contain no animal derived ingredients and by-products as promised on the Products' Amazon listing and advertising. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them. Thus, through the use of false representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

27. Plaintiff's concerns are not unique, as other consumers have issued complaints indicating consumer dissatisfaction that the Products are, in fact, not vegan, and contain animal derived ingredients and by-products.[17]




[17] https://www.amazon.com/product-reviews/B084PNF55B/ref=cm_cr_arp_d_viewopt_kywd?ie=UTF8&reviewerType=all_reviews&pageNumber=1&filterByKeyword=vegan; *see also*, https://www.amazon.com/product-reviews/B07FL59H39/ref=cm_cr_arp_d_viewopt_kywd?ie=UTF8&reviewerType=all_reviews&pageNumber=1&filterByKeyword=vegan




## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

> **Nationwide Class**
> All residents of the United States who purchased any of the Products for personal, family, or household purposes, not for resale, within the applicable statute of limitation ("Nationwide Class").
>
> **California Class**
> All residents of California who purchased any of the Products for personal, family, or household purposes, not for resale, within the applicable statute of limitation ("California Class") (together with the Nationwide Class, the "Classes").

29. Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or

former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

30. Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether class certification is appropriate.

31. Plaintiff is a member of all the Classes.

32. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's or Amazon's records. At a minimum, there likely are at least thousands of Class members.

33. **Commonality:** There are questions of law and fact common to the proposed Classes. Common questions of law and fact include, without limitations:

a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b. whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products are vegan;

c. whether Defendant knew or should have known its representations were false or misleading;

d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

e. whether certification of each Class is appropriate under Rule 23;

f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g. the amount and nature of the relief to be awarded to the Plaintiff and the Classes, including whether Plaintiff and the Classes are entitled to punitive damages.

34. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products and relied on the representations made by the Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

35. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

36. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

37. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which

would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

38. **<u>Declaratory and Injunctive Relief</u>:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(*Plaintiff on behalf of the Nationwide Class; alternatively, on behalf of the California Class*)**

39. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

41. The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the

Nationwide Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

42. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By using representations about the Products being "Vegan" on the Products' Amazon listing, Defendant has represented and continues to represent that the Products have characteristics and ingredients (i.e., contain no animal derived ingredients and by-products) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

43. Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using representations about the Products being "Vegan" on the Products' Amazon listing, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., contain no animal derived ingredients and by-products) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

44. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using representations about the Products being "Vegan" on the Products' Amazon listing, and not delivering vegan Products, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

45. At all relevant times, Defendant has known or reasonably should have known that the representations about the Products being vegan in the advertising of the Products are false and deceptive, and that Plaintiff and other members of the Nationwide Class would reasonably and justifiably rely on these representations when purchasing the Products. Nonetheless, Defendant deceptively advertised and

continues to deceptively advertise the Products as such in order to deceive consumers into believing they are receiving vegan products.

46. Plaintiff and members of the Nationwide Class have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of Nationwide Class.

47. Plaintiff and members of the Nationwide Class have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products are not vegan.

48. Under Cal. Civ. Code § 1782, on December 30, 2025, the undersigned counsel sent Defendant a notice letter through certified mail, notifying Defendant of its violations under the CLRA (as well as other statutes and laws). More than 30 days have passed since Defendant's receipt of that notice letter, yet Defendant has not cured its false and deceptive conduct on a class-wide basis. As such, this Complaint seeks damages under the CLRA, as well all other available remedies.

49. Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is concurrently submitting a declaration of venue.

## SECOND CLAIM FOR RELIEF
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq.***
**(*Plaintiff on behalf of the Nationwide Class; alternatively, on behalf of the California Class*)**

50. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* In the alternative,

Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

52. The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

53. Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed Nationwide Class, through its deceptive advertising, that the Products are vegan. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be false and misleading, Defendant has violated the FAL.

54. As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the proposed Nationwide Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Nationwide Class may be irreparably harmed and/or denied an effective and complete remedy.

**<u>THIRD CLAIM FOR RELIEF</u>**

**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*Plaintiff on behalf of the Nationwide Class; alternatively, on behalf of the California Class*)**

55. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

57. The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

58. Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed Nationwide Class.

59. Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the advertising. Deceiving consumers into believing they will receive vegan products when they do not is of no

benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed Nationwide Class.

60. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Products are vegan when they are not. Because Defendant misled Plaintiff and members of the Nationwide Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the Nationwide Class.

61. Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed Nationwide Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Nationwide Class may be irreparably harmed and/or denied an effective and complete remedy.

## FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
**(*For the California Class*)**

62. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

63. Plaintiff brings this claim individually and on behalf of the members of the California Class for breach of express warranty by Defendant.

64. California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

65. Defendant has expressly warranted on the Products' Amazon listing title that the Products are vegan. However, as alleged herein, these express representations are false and misleading. The Products contain ingredients that are not vegan.

66. Defendant's representations about the Products being vegan on the Products' Amazon listing and advertising are: (a) affirmations of fact or promises made by Defendant to consumers that the Products contain are vegan; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

67. Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties and contained no animal derived ingredients and by-products.

68. Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide vegan Products as promised on the Products' advertising.

69. Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff

and members of the California Class had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

70. On December 30, 2025, the undersigned counsel notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegation.

## FIFTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
**(*Plaintiff on behalf of the Nationwide Class; alternatively, on behalf of the California Class*)**

71. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

72. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant for unjust enrichment. Alternatively, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

73. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Nationwide Class to induce them to purchase the Products. Plaintiff and members of the Nationwide Class have reasonably relied on the misleading representations and have not received all of the benefits (i.e., vegan products) promised by Defendant. Plaintiff and members of the proposed Nationwide Class have therefore been induced by Defendant's false and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

74. Plaintiff and members of the proposed Nationwide Class have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff

and members of the proposed Nationwide Class.

75. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Nationwide Class.—i.e., Plaintiff and members of the proposed Nationwide Class did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

76. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Nationwide Class are entitled to restitution from Defendant for its deceptive, misleading, and unlawful conduct as alleged herein.

## SIXTH CLAIM FOR RELIEF
### Common Law Fraud
**(*Plaintiff on behalf of the California Class*)**

77. Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

78. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class.

79. Defendant has willfully, falsely, knowingly, or recklessly represented to Plaintiff and other consumers that the Products were "Vegan," including by prominently displaying the "Vegan" representation on the Products' Amazon Listings. This representation was false because the Products contain animal derived ingredients and by products. Therefore, the products are not vegan as represented.

80. Defendants' misrepresentations are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

81. Defendant knew that the "Vegan" representation was false when made. Defendant formulated, manufactured, distributed, and advertised the Products and knew the composition of ingredients used in the Products. Defendant had notice

during the class period from consumer complaints on the Products' Amazon.com listings as alleged in paragraph 27. Additionally, on January 2, 2026 Defendant received written notice from Plaintiff specifically identifying that the Products were falsely advertised as "Vegan." Despite receiving such notice, Defendant continues to market and sell the Products as "Vegan" without removing or correcting the false representation. Defendant's continued use of the "Vegan" representation after receiving actual notice of its falsity demonstrates that the Defendant's conduct was knowing and intentional.

82. Defendant intended that Plaintiff and other consumers rely on these representations, as evidenced by Defendant prominently featuring the "Vegan" claim on the Products' Amazon Listing. Defendant intent to induce consumer reliance is further demonstrated by its continued intentional advertisement of the Products as "Vegan" despite being placed on notice at least as early as January 2, 2026, that the Products were not "Vegan, as represented.

83. Plaintiff and members of the California Class reasonably and justifiably relied on Defendant's misrepresentations that the Products were "Vegan" when deciding to purchase the Products. Had they been unaware of the true nature of the Products, and, had the correct facts been known, they would not have purchased the Products or would have paid significantly less for them.

84. As a direct and proximate result of Defendant's fraud, Plaintiff and members of the California Class have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A. Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B. A declaration that Defendant's actions, as described herein, violate the claims described herein;

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief;

E. An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F. An award of nominal, punitive, and statutory damages;

G. An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

H. An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I. For such further relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: September 9, 2026

**TREEHOUSE LAW, LLP**

By: */s/ Benjamin Heikali*

Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
Jessica Babaknia (SBN 365865)
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com
Jbabaknia@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# APPENDIX

The Products at issue include the following Products sold on Amazon.com during the Class Period:

(1) Lip Smacker Lippy Pals Unicorn,
(2) Lip Smacker Lippy Pals Set of 3 Unicorn Panda Kitten,
(3) Lip Smacker Lippy Pals Llama,
(4) Lip Smacker Lippy Pals, Cherry Kiss & Winterberry,
(5) Lip Smacker Lippy Pals Kitty Kitten,
(6) Lip Smacker Halloween Lippy Pal Lip Balm-Spooky Cute Llama Lemonade Witch,
(7) Lip Smacker Halloween Lippy Pal Lip Balm-Spooky Cute Midnight Berry,
(8) Lip Smacker Halloween Lippy Pal Lip Balm-Spooky Cute Pumpkin Patch Latte,
(9) Lip Smacker Lippy Pals Swirls Unicorn,
(10) Lip Smacker Lippy Pals Swirls Llama,
(11) Lip Smacker Halloween Lippy Pal, Spooky Cute Pumpkin Patch Latte,
(12) Lip Smacker Lippy Pals, Cuddly Cream Puff,
(13) Lip Smacker Lippy Pals, Straw-ma-Llama Berry,
(14) Lip Smacker Lippy Pals Sarino Hello Kitty, Cheerful Cherry,
(15) Lip Smacker Lippy Pals Sarino Hello Kitty, Cheerful Cherry & Kiwi set,
(16) Lip Smacker Lippy Pals Unicorn, Holiday Cotton Candy Dream,
(17) Lip Smacker Lippy Pals Panda, Holiday Eggnog,
(18) Lip Smacker Lippy Pals Penguin, Holiday Gingerbread,
(19) Lip Smacker Lippy Pals Reindeer,
(20) Lip Smacker Lippy Pals Unicorn & Panda set, Unicorn Magic & Cuddly Cream Puff,
(21) Lip Smacker Lippy Pals Penguin Holiday, Winterberry,
(22) Lip Smacker Lippy Pals Swirls, Sanrio Hello Kitty, Cheerful Cherry & Kiwi,
(23) Lip Smacker Lippy Pals Swirls Panda, Paws-Itively Peachy,
(24) Lip Smacker Lip Balm, Agua Frescas,
(25) Lip Smacker Coca Cola Collection, Cherry Coke,
(26) Lip Smacker Lip Balm, Cotton Candy,
(27) Lip Smacker Lip Balm, Pink Lemonade, and any other combination pack containing any of the foregoing.

Vinesign Document ID: D49A8BC9-8346-47E7-A4C1-C2DB064B7ECE


**Venue Declaration Pursuant to Cal. Civ. Code 1780(d)**

I, Jennifer Huggins, declare as follows:

1. I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I believe that the Central District of California is the proper place for trial of this case because I reside in and purchased the challenged Products in this district.

I declare under penalty of perjury that the foregoing is true and correct, executed on 09/08/2026 in Bermuda Dunes, California.

Jennifer Huggins

The signed document can be validated at https://app.vinesign.com/Verify